1  Pavneet Singh Uppal, SBN 016805
2  Alanna R. Brook, SBN 028018
   FISHER & PHILLIPS LLP
3  3200 N. Central Avenue, Suite 805
   Phoenix, Arizona 85012-2425
4  Telephone: (602) 281-3400
   Fax: (602) 281-3401
5  puppal@laborlawyers.com
   abrook@laborlawyers.com
6  *Attorneys for Plaintiffs*
7

8              **UNITED STATES DISTRICT COURT**

9               **DISTRICT OF ARIZONA**

10  Swisher Hygiene Franchise Corp.; et al.,      No. CV-15-1331-PHX-DJH

11                  Plaintiffs,                   **PLAINTIFFS' NOTICE OF**
                                                  **MOTION AND SECOND MOTION**
12          v.                                    **FOR SANCTIONS AND DEFAULT**
                                                  **JUDGMENT AGAINST**
13                                                **DEFENDANTS**
14  Troy Clawson and Teri Clawson, husband
    and wife; et al.,                             **(Expedited Consideration Requested)**
15                                                **(Oral Argument Requested)**
                   Defendants.
16

17        Plaintiffs Swisher Hygiene Franchise Corp., Swisher International, Inc., and

18  Swisher Hygiene, Inc. (collectively "Plaintiffs" or "Swisher"), by and through

19  undersigned counsel, hereby move the Court to sanction and enter default judgment

20  against Defendants Accurate Chemical Acquisition, Inc. dba Accurate Chemical

21  Services ("ACS"), Troy Clawson ("Clawson") and Teri Clawson (collectively

22  "Defendants"). Pending before the Court at Doc. 48 is Plaintiffs' Motion for Sanctions

23  regarding Defendants' perjured July 31, 2015 affidavit. Recent electronic discovery has

24  revealed that Defendants again lied to the Court in response to Plaintiffs' Motion for

25  Sanctions. This additional perjury was only discovered through expensive and time-

26  consuming electronic discovery because Defendants deleted and spoliated the electronic

27  document which proves their sworn prevarication. Accordingly, because Defendants'

28  repeated lies and fraud on the Court have compromised the integrity of the legal

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

proceedings, entry of default judgment against the Defendants is fully warranted and appropriate.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    FACTUAL BACKGROUND**

**A.    <u>The First Prevarication—Defendants Knowingly Filed An Untruthful Affidavit Dated July 31, 2015 In Which They Falsely Represented To The Court That Defendant Clawson Had "Never Identified Any Swisher Customers That ACS Should Go After."</u>**

As described in greater detail in Plaintiffs' Motion for Sanctions (Doc. 48), Defendants filed a perjured affidavit in which Defendant Clawson stated under oath that he had not ***"identified any Swisher customers that ACS should go after."*** [Doc. 24-1 at ¶ 17 (Defendants "July 31, 2015 Affidavit").] On or about April 26, 2016, Defendants belatedly produced a copy of a June 11, 2015 email from Clawson to ACS President Bradley Zall, along with printouts of two documents which were attached to Clawson email: (1) the "Accurate Northern Arizona Plan.docx," and (2) the "Accurate Phoenix Arizona Plan.docx" (hereinafter the "Action Plans"). [Doc. 50 (Bates labeled Accurate.000135-145) filed under seal.] The Action Plans show that Defendant Clawson's under oath statement that he had not "identified any Swisher customers that ACS should go after" was patently false. *Id.* Defendant Clawson in fact emailed Zall detailed lists of "customers that we need to concentrate on"—identifying approximately 129 Swisher customers, customer account values, who to contact to solicit the customers, customer buying history, the identifies of Swisher employees who managed the customer relationships, and additional confidential information.[1] [Doc. 50.] These Action Plans put the lie to Defendants' sworn representation to the Court that Defendant Clawson never identified a single Swisher customer "that ACS should go after." Not

---

[1] The Action Plans list 144 customers, but Defendants argue at Doc. 53 that 15 of the 144 customers included in the Action Plans "were not Swisher customers." For purposes of this motion, Plaintiffs will not quibble over the 15 customers and shall refer to the Action Plans as containing "129" Swisher customers.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

only did Defendant Clawson identify approximately 129 Swisher customers, he also advised ACS that it should "go after" these customers by pointedly noting that these were the Swisher "customers that we need to concentrate on."

**B.    The Second Prevarication—Defendants Again Lied To The Court By Asserting In A Sworn, Verified Motion That Defendant Clawson "Never Actually Ended Up Formulating A Plan For Southern Arizona."**

In addition to sending the Action Plans to ACS (which covered the Phoenix and Northern Arizona territories), Defendant Clawson told ACS President Zall in an email that he would "work on" a separate raiding plan for "Southern Arizona tomorrow" (the "Accurate Southern Arizona Plan"). [Doc. 50 (Bates labeled Accurate.000135).] Defendants never produced the Accurate Southern Arizona Plan. Instead, Defendants doubled down on their fraud upon the Court and again lied, this time in the form of a verified legal brief. [Doc. 53.] It is important to note that this second lie occurred in the context of an attempt to explain away the Defendants' first lie which is the subject of the Motion for Sanctions at Doc. 48. On June 13, 2016, Defendants filed their Verified Response in Opposition to Plaintiffs' Motion for Sanctions (Doc. 53). As part of their verified legal brief, Defendants offered a sworn <u>but entirely untruthful excuse</u> for their failure to produce the Accurate Southern Arizona Plan. Specifically, Defendants stated under oath that Defendant Clawson "***never actually ended up formulating a plan for Southern Arizona***." [Doc. 53, p. 3 (emphasis added).] In making this verified statement, Defendants again fraudulently misled the Court. [Doc. 91, filed under seal (Accurate Southern Arizona Plan).] Very recent electronic discovery has yielded a deleted file from Defendant Clawson's flash drive entitled "Accurate Southern Arizona Plan." *Id.*; **Exhibit 1** (Declaration of ESI Expert Mark S. Cardwell, ¶¶ 24, 30-31).

As with the other Action Plans, the Accurate Southern Arizona Plan (which Defendant Clawson swore under oath that he never formulated) identifies Swisher "customers we need to concentrate on" and lists over 90 Swisher customers, including

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

their names and accounts values, and further identifies Swisher employees "Worth Bring Over and Cost of Doing so." [Doc. 91, filed under seal.]

### C.    Defendants Spoliated The Action Plans And The Accurate Southern Arizona Plan About Which They Have Repeatedly Lied To The Court.

The Accurate Southern Arizona Plan, which Defendants told the Court had "never" been formulated, was deliberately deleted and spoliated by Defendants prior to Defendants' production of Clawson's laptop and flash drive for inspection by Plaintiffs' ESI expert. [**Exhibit 1**, ¶¶ 30-31.] On or about September 22, 2016, Defendants belatedly turned over a laptop computer and flash drive belonging to Defendant Clawson to Plaintiff's ESI expert Mark Cardwell. [**Exhibit** 1, ¶ 11; **Exhibit 2** (September 20, 2016 email from defense counsel Katya Lancero, Esq. to Plaintiffs' counsel Alanna Brook, Esq.).] Defendants represented that the Action Plans which are the subject of the Motion for Sanctions at Doc. 48 were created by Clawson on this laptop. [**Exhibit 2**; **Exhibit 3** (Expert Report of Mark Cardwell, pp. 13-14).] However, the Action Plans were not located on either of the devices produced by Defendant Clawson. [**Exhibit 1**, ¶ 12.] Rather, all that remained were electronic shadows showing that the Action Plans had been deleted by Defendants. [**Exhibit 1**, ¶¶ 30-31.] The windows log event files for Clawson's devices show that Clawson deleted the Action Plans **well after this lawsuit was filed on June 24, 2015 and after he was under a duty to preserve evidence**. *Id.*

Indeed, in his affidavit, ESI Expert Cardwell succinctly explains Defendants' spoliation of both the Action Plans, which are the subject of the Motion for Sanctions at Doc. 48, and the Accurate Southern Arizona Plan, which is the subject of the present motion, as follows:

> Attached at Exhibit A [filed under seal at Doc. 91] to my declaration are hard copies of the carved files which I found on the Storage Media which are entitled: (1) "Accurate Phoenix Arizona Plan; 2) "Accurate Southern Arizona Plan"; and (3) "Accurate Northern Arizona Plan." As explained above, because the electronic documents corresponding to the above-referenced hard copies were retrieved from unallocated space on the [Defendants'] Storage Media, these files were deleted at some point. It is

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

important to note that the Windows event log files show that Windows last asked: (1) whether the Accurate Phoenix Arizona Plan should be saved on October 20, 2015; (2) whether the Accurate Southern Arizona Plan should be saved on August 13, 2015; and (3) whether the Accurate Northern Arizona Plan should be saved on December 16, 2015. Thus, the Windows event log files clearly show that: (1) the Accurate Phoenix Arizona Plan existed as an active file in allocated space as of October 20, 2015; (2) the Accurate Southern Arizona Plan existed as an active file in allocated space as of August 13, 2015; and (3) the Accurate Northern Arizona Plan existed as an active file in allocated space as of December 16, 2015. Furthermore, I was unable to locate active files titled Accurate Phoenix Arizona Plan, Accurate Southern Arizona Plan and Accurate Northern Arizona Plan in allocated space. We know based on the Windows event log files that documents bearing the foregoing file names existed on the Storage Media and the fact that they are no longer in allocated space on the Storage Media means that they were deleted. **Finally, based on the Windows event log files (1) the Accurate Phoenix Arizona Plan must have been deleted on or after October 20, 2015; (2) the Accurate Southern Arizona Plan must have been deleted on or after August 13, 2015; and (3) the Accurate Northern Arizona Plan must have been deleted on or after December 16, 2015.**

[**Exhibit** 1, ¶ 30 (emphasis added).] Thus, Defendants have not only repeatedly lied under oath, but they have also spoliated critical evidence which goes to the heart of this case.

## II.    ARGUMENT

### A.    <u>The Court Has Inherent Authority To Dismiss An Action Or Enter Default Judgment In Response To The Defendants' Sworn *Albeit* False Statements And Fraud On The Court.</u>

This Court has inherent authority to sanction parties such as the Defendants who provide false testimony or engage in deceptive conduct. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (recognizing a court's inherent power "to levy sanctions in response to abusive litigation practices"). The Court's inherent authority includes the power to dismiss an action "when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *Halaco Eng'g Co. v. Castle*, 843 F.2d 376, 380

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

(9th Cir. 1988). The Ninth Circuit has held that the following factors are relevant to whether litigation misconduct should result in dismissal of an action: "(1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct …" *Halaco*, 843 F.2d at 380.

In *Englebrick v. Worthington Indus., Inc.*, 620 Fed. Appx. 564 (9th Cir. 2015)[2] the Ninth Circuit "endorse[d] the trial court's determination that plaintiffs had repeatedly lied under oath during pretrial proceedings about a topic essential to [defendant's] defense …" Accordingly, the Ninth Circuit upheld dismissal of the plaintiffs' case because their deception had made it "impossible for the Court to believe a word that plaintiffs have to say at trial …" *Id.* The plaintiffs in *Englebrick* brought suit claiming that they had suffered severe burns and other injuries after an allegedly defective gas cylinder designed and sold by the defendants leaked gas and burst into flames. 944 F.Supp.2d 899, *aff'd* 620 Fed. Appx. 564 (9th Cir. 2015). The defendants maintained that the actual cause of the fire was the plaintiffs' abuse of the cylinder in connection with their use of methamphetamine. *Id.*

During discovery the plaintiffs were asked numerous questions regarding their history of meth use. Both plaintiffs repeatedly denied ever using the cylinder to smoke meth and further denied being under the influence of meth at the time of the fire. 944 F.Supp.2d at 903. One plaintiff admitted during his deposition to having used meth in the past, but claimed that "he <u>never</u> took meth seven days a week." *Id.* at 903-5 (emphasis added). Similarly, the second plaintiff stated during discovery that she "<u>never</u> stayed up at night doing meth." *Id.* at 904 (emphasis added). The defendant produced

---

[2] A copy of the Ninth Circuit's unpublished opinion in *Englebrick v. Worthington Indus., Inc.* is attached hereto as **Exhibit 4**.

1    evidence showing that the plaintiffs were not only heavy meth users, but were probably

2    under the influence of meth on the day of the fire. *Id.*

3          In response to the defendant's evidence, the court held an evidentiary hearing as

4    to whether the plaintiffs' case should be dismissed. The plaintiffs attempted to excuse

5    their false responses to the defendant's requests for admission and their false deposition

6    testimony by claiming that their prior meth use was not "relevant to the fire." *Id.* at 907.

7    As tends to be the case with many liars, the plaintiffs also claimed that they: (1) "didn't

8    even remember … at the time"; (2) "simply forgot"; (3) experienced "a lack of

9    memory"; and (4) did not "recall [or] … remember" their meth use before the fire. *Id.* at

10   907-908.

11         The United States District Court in *Englebrick* found all of the plaintiffs' excuses

12   to be "non-credible." *Id.* at 908. The court opined that the plaintiffs' lies made it

13   "impossible for the court to believe a word that plaintiffs ha[d] to say at trial about the

14   fire or anything having to do with it." *Id.* at 909. Accordingly, the district court

15   dismissed the plaintiffs' lawsuit because their "lies under oath and false discovery

16   responses ha[d] compromised the legal proceedings and prejudiced [the defendant]." *Id.*

17   at 912. The court explained that the plaintiffs' false testimony during deposition and the

18   pretrial process about their extensive meth use and addiction constituted the type of

19   extraordinary circumstances which warrant dismissal. *Id.* at 909. The plaintiffs' illegal

20   drug use and addiction were essential to the defendant's defense concerning the actual

21   cause of the fire. Also, the court found that the plaintiffs had acted willfully and in bad

22   faith because they "knew that they were addicted to meth … [y]et … lied over and over

23   again in deposition and discovery about their meth use and addiction." *Id.* at 910.

24   Accordingly, the court concluded that lesser sanctions would not suffice because

25   anything short of dismissal would "not address the harm caused by [the] plaintiffs'

26   deception" and the "attorneys' fees which the defendant needlessly had to expend." *Id.* at

27   911 ("lesser sanctions certainly will not compensate [Plaintiffs] for the significant time

28   and money that it has invested, and unfortunately now wasted").

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

7

Finally, the court noted that "the most critical criterion for the imposition of dismissal sanctions is that the misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case." *Id.* at 911 *quoting Halaco*, 843 F.2d at 381. The *Englebrick* court explained that the plaintiffs' lies "directly related to the parties' controversy [because] [t]he critical issue involved in the case [was] how did the fire start." *Id.* at 911. As an "optional factor," the court further found that the plaintiffs had put the defendant at a significant disadvantage because discovery had expired and the defendant had been deprived of a full opportunity to prepare a trial strategy focused on the plaintiffs' meth use and addiction. *Id.* at 912. Accordingly, the district court concluded that all five of the Halaco factors were present and warranted dismissal of the plaintiffs' entire case. *Id.* at 912. The Ninth Circuit agreed and upheld the dismissal sanction based on the plaintiffs' prevarication. 620 Fed. Appx. 564 (9th Cir. 2015).

Similarly, in *Knapp v. Convergys Corp.*, 209 F.R.D. 439 (E.D. Mo. 2002) the court dismissed a plaintiff's lawsuit due to her false testimony. The plaintiff had filed a Title VII sex harassment lawsuit. During a deposition defense counsel inquired about the plaintiff's employment history and the plaintiff testified that she had not worked from 1999 to 2000. Plaintiff also omitted her work history during this time period in her interrogatory responses. In actuality, plaintiff had worked from late 1999 to early 2001 as a nude exotic dancer at a nightclub.

The *Knapp* court found that the plaintiff had willfully withheld information directly responsive to Convergys's interrogatory and deposition questions regarding her employment history. Accordingly, the court concluded that there was "clear and convincing evidence that plaintiff gave perjurious answers in her interrogatories and during her deposition." *Id.* In dismissing the lawsuit, the court reasoned that lesser sanctions such as monetary penalties or a reopening of discovery were not appropriate and would not "remedy the direct affront to the court occasioned by the plaintiff's willful perjury." *Id.* (internal citations omitted). Consequently, the court held that dismissal

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

8

sanctions were appropriate because it "ha[d] no confidence that plaintiff would conduct herself in a manner commensurate with fair and just proceedings should it permit this case to proceed to trial." *Id.*

**B.**  **Defendants Have Again Lied To The Court By Asserting Under Oath That Defendant Clawson "Never Actually Ended Up Formulating A Plan For Southern Arizona."**

Here, as in the cases cited above, the Court should levy the ultimate sanction by entering default judgment against the Defendants based on their fraud on the Court, repeated lies under oath, and their spoliation of evidence. The Defendants' repeated lies have compromised the integrity of the legal proceedings, prejudiced the Plaintiffs, and perpetrated a fraud. Indeed, as in *Englebrick*, Defendants' misconduct makes it impossible for the Court "to believe a word that [Defendants might] have to say at trial." 944 F.Supp.2d at 909. Their prevarications are of such magnitude that "this court [should have] no confidence that [Defendants] would conduct [themselves] in a manner commensurate with fair and just proceedings should [they be] permit[ted] … to proceed to trial." *Knapp*, 209 F.R.D. 439. First, Plaintiffs lied to the Court under oath in their July 31, 2015 affidavit which stated that Defendant Clawson had not "identified any Swisher customers that ACS should go after."

But if the Defendants' first mendacious, sworn falsehood was not enough, the Defendants doubled down on their strategy of lying to the Court by filing an utterly false verified brief in response to the Motion for Sanctions at Doc. 48. As the Court will recall, in emailing the Action Plans to the President of Defendant ACS, Defendant Clawson stated that he would work on a separate raiding plan for "Southern Arizona tomorrow." However, Defendants never produced the Accurate Southern Arizona Plan. Instead, Defendants filed a Verified Response in Opposition to Plaintiffs' Motion for Sanctions (Doc. 53) in which they falsely informed the Court that Defendant Clawson "**never actually ended up formulating a plan for Southern Arizona**." [Doc. 53, p. 3 (emphasis added).]

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

9

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

This sworn statement was a boldface lie. Attached under seal at Doc. 91 (Exh. A) is the Defendants' Accurate Southern Arizona Plan. Not surprisingly, having lied to the Court that the Accurate Southern Arizona Plan did not exist, Defendants also violated the discovery rules by failing to produce it. Instead, Plaintiffs only learned of the Accurate Southern Arizona Plan when they received it from their ESI expert on February 6, 2017. **Exhibit 1** (Declaration of ESI expert Mark S. Cardwell, ¶¶ 24, 30-31). It is important to note that Defendants advanced this second lie in the context of a heavily lawyered response to the Motion for Sanctions at Doc. 48. Defendants' minds and attention were laser focused on every word contained in their Verified Response at Doc 53 because they were already responding to an accusation of perjury. Still, Defendants amplified and added to their fraud on the Court by falsely claiming under oath that Defendant Clawson "never actually ended up formulating a plan for Southern Arizona." [Doc. 53, p. 3.]

Given that the foregoing prevarication was presented to the Court in an attempt to excuse away their prior lie regarding the Action Plans, Defendants should not be allowed to assert that they did not understand the significance or relevance of their statement, or that they did not remember or recall the Accurate Southern Arizona Plan. Indeed, the term "never" has an immutable characteristic. Defendants told the Court under oath that they "never" formulated the Accurate Southern Arizona Plan and certainly never produced it to either Plaintiffs or the Court. Instead, Defendants deleted the Accurate Southern Arizona Plan in a brazen attempt to conceal their violation of the discovery rules, fraud on the Court, and prevarication.

After time-consuming and expensive efforts, Plaintiffs' ESI expert was able to determine that Defendants had deleted the Accurate Southern Arizona Plan from Defendant Clawson's computer. In a stroke of luck, the ESI expert was able to recover the Accurate Southern Arizona Plan despite its deletion. The Accurate Southern Arizona Plan has been filed under seal at Doc. 91 even though Plaintiffs told the Court that it did not exist. Undoubtedly, Defendants will advance yet another preposterous excuse for

1    their misconduct, but in this case there is no explanation for their sworn statement that

2    the Accurate Southern Arizona Plan was "never" formulated. *Webster's New Collegiate*

3    *Dictionary* (3rd Edition) defines the term "never" as "not ever" and/or "not at all."

4    Accordingly, as in *Englebrick*, any assertions by the Defendants that the subject matter

5    of their second false sworn statement was inadvertent, irrelevant, immaterial, or the

6    product of some type of forgetfulness peculiar to the Defendants is "non-credible."

7    **C.    Defendants' Repeated Lies Warrant Entry Of Default Judgment
              Against Them.**

8

9        All of the requisite factors necessary for entry of default judgment as a sanction

10   for Defendants' misconduct are present in this case. As in the cases discussed above, the

11   Defendants' repeated sworn falsehoods and fraud on the Court constitute extraordinary

12   circumstances and "deceptive litigation tactics that threaten to interfere with the rightful

13   decision of a case." *Englebrick*, 944 F.Supp.2d at 909. Indeed, filing false statements

14   under oath is the sort of extraordinary circumstance warranting dismissal." *Id.; see also*

15   *Combs v. Rockwell Int'l Corp.,* 927 F.2d 486, 488 (9th Cir.1991) ("Dismissal is an

16   appropriate sanction for falsifying a deposition."); *see also Brown v. Oil States Skagit*

17   *Smatco,* 664 F.3d 71, 78 (5th Cir.2011) (affirming dismissal of an employment

18   discrimination case where the plaintiff lied about the reason he quit his job); *Martin v.*

19   *DaimlerChrysler Corp.,* 251 F.3d 691, 695 (8th Cir.2001) (affirming dismissal of an

20   employment discrimination case based on the plaintiff's false statement that she had

21   never been a party to another lawsuit against a past employer and based on her failure to

22   identify all of her health care providers).

23       Here, Defendants' misconduct is several orders of magnitude beyond merely

24   providing false testimony during a deposition. In this case, Defendants responded to a

25   prior motion for sanctions by informing the Court under oath that Defendant Clawson

26   "never actually ended up formulating a plan for Southern Arizona." [Doc. 53, p. 3.] This

27   statement was both a lie and a fraud on the Court. It clearly constitutes extraordinary

28   circumstances warranting the entry of default judgment against the Defendants.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

There is also no doubt that Defendants acted willfully and in bad faith in lying to the Court. "Disobedient conduct not shown to be outside the control of the litigant **is all that is required** to demonstrate willfulness, bad faith or fault." *Englebrick*, 944 F.Supp.2d at 909 *quoting Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. (1993) (emphasis added). In *Englebrick* the court found that the plaintiffs' deception regarding their drug abuse was inexcusable because they knew they were addicted to meth and had used meth on the days leading up to the fire. Similarly, here, Defendant Clawson absolutely knew that he had created an Accurate Southern Arizona Plan, but he and his employer still told the Court under oath that it had "never" been formulated. Accordingly, lesser sanctions "will not address the harm caused by [Defendants'] deception." *Englebrick*, 944 F.Supp.2d at 910. It is exceedingly difficult to uncover a litigant's lies to the court, especially where, as here, Defendants have no hesitation in lying even when under oath. But if that were not enough, in this case the Defendants deleted the Accurate Southern Arizona Plan from Defendant Clawson's computer after they were on notice and had a duty to preserve all relevant evidence. *See infra* pp. 15-17 and **Exhibit 1** (Declaration of ESI Expert Mark S. Cardwell, ¶ 30). As in *Englebrick*, "had defendants been truthful at the outset of the case, [Plaintiffs] never would have had to spend so much time and money to prove that [Defendants'] denials were lies." 944 F.Supp.2d at 911. Furthermore, there can be no assurance that all of the Defendants' lies have been uncovered. Accordingly, Defendants' misconduct "make[s] it impossible for the court now to believe a word they say" about any facet of this case and leaves default judgment as "the only meaningful sanction available to the court at this late juncture." *Englebrick*, 944 F.Supp.2d at 911.

Needless to say, Defendants' lies and deception directly "relate to matters in controversy in such a way as to interfere with the rightful decision of the case." *Halaco*, 843 F.2d at 381. Defendants' falsehoods go directly to the heart of Swisher's claims and are plainly material to the case. The core element of Swisher's claims is that "Defendants, acting in concert … engaged in a well-developed and impermissible

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

1    scheme of corporate raiding in violation of Plaintiffs' legal and contractual rights." [Doc.

2    7, ¶ 11.] As part of this scheme, "Clawson solicited Swisher's employees for the purpose

3    of hiring them to bring to ACS the accounts of Swisher customers with whom such

4    employees had developed professional relationships for the benefit of Swisher." [Doc. 7,

5    ¶ 16.] As set forth in Plaintiffs' Motion for Sanctions at Doc. 48, Defendants previously

6    told the Court under oath that Defendant Clawson had not "identified any Swisher

7    customers that ACS should go after." [Doc. 24-1 at ¶ 17.] This was a lie because the

8    Action Plans show that Defendant Clawson directly identified to ACS's President, Brad

9    Zall, at least 129 Swisher customers and other highly confidential information. [Doc. 50

10    (Under Seal).] Defendant Clawson also told Zall by email that he would work on a

11    similar plan for "Southern Arizona tomorrow." [Doc. 50 (Bates labeled

12    Accurate.000135).] Defendants against lied to the Court by informing it under oath that

13    the Accurate Southern Arizona Plan was "never" formulated. These lies and the

14    Defendants' "deception w[ere] directly related to the parties' controversy." *Englebrick*,

15    944 F.Supp.2d at 911.

16        Finally, because false sworn statements and fraud on the Court subvert the

17    integrity of legal proceedings, the prejudice caused by a party's misconduct is merely

18    "an optional factor" for the Court's consideration. *Id.* at 912. A party is prejudiced if it is

19    "forced to formulate [its] case around gapping omissions and guess work." *Id.* at 912.

20    Here, there can be no serious argument that the Defendants' lies have prejudiced the

21    Plaintiffs. First, as discussed in the Motion for Sanctions at Doc. 48, Plaintiffs dismissed

22    their request for preliminary injunction based on the Defendants false, sworn statement

23    that Defendant Clawson never "identified any Swisher customers that ACS should go

24    after." [Doc. 48, pp. 5-6.] In addition, Plaintiffs have incurred $20,212.00 in expert fees

25    and many multiples of this amount in attorneys' fees related to uncovering the

26    Defendants' prevarications and deletion of critically relevant ESI such as the Accurate

27    Southern Arizona Plan. **But perhaps most importantly, Defendants' repeated sworn**

28    **falsehoods beg the question of how many more of their lies have not been**

**uncovered.** Under these circumstances, and with the discovery deadline fast approaching, Defendants' deception "will continue to prejudice [the Plaintiffs] if the Court proceeds with the trial." *Englebrick,* 944 F.Supp.2d at 912. Accordingly, default judgment should be entered against the Defendants based on their misconduct and fraud on the Court.

### D. Defendants' Spoliation Of Evidence In Conjunction With Their Repeated Lies Also Warrants The Entry Of Default Judgment.

Defendants violated Rule 37(e) of the Federal Rules of Civil Procedure by spoliating the Accurate Southern Arizona Plan and rendering associated metadata including the creation date of that document unrecoverable. Once a party is on notice of a potential claim, it is under a duty to preserve evidence relevant to the claim or potential litigation. *In re: Napster, Inc. v. Hummer*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006). In addition, Rule 37(e) provides as follows:

> FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Here, default judgment should be entered against the Defendants pursuant to Rule 37(e)(2)(C). There can be no serious argument that the Accurate Southern Arizona Plan, in ESI form, was clearly relevant and subject to a preservation obligation. Nevertheless, Defendants intentionally deleted it after the lawsuit was commenced. The instant lawsuit was filed in state court on June 24, 2015 and Defendants accepted service on June 26,

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

14

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

2015. **Exhibit 5** (Defendants' acceptance of service). "The Accurate Southern Arizona Plan existed as an active file in allocated space [on Defendant Clawson's flash drive] as of August 13, 2015." **Exhibit 1** (Declaration of ESI Expert Mark S. Cardwell, ¶ 30). Thereafter, it was deleted as Plaintiffs' ESI expert was "unable to locate active files titled Accurate Phoenix Arizona Plan, Accurate Southern Arizona Plan and Accurate Northern Arizona Plan in allocated space" on Defendant Clawson's computer or flash drive. *Id.* Because the Windows event log files show that the Accurate Southern Arizona Plan "existed as an active file in allocated space as of August 13, 2015," we know that "the Accurate Southern Arizona Plan must have been deleted on or after August 13, 2015." *Id.*

Thus, not only did Defendants fail to take "reasonable steps to preserve" the Accurate Southern Arizona Plan, they actually spoliated it. *See, e.g., United States v. Kitsap Physicians Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002) (spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation). Accordingly, Defendants have violated Rule 37(e)(2) because their deletion of this critical ESI shows that they "acted with the intent to deprive [Swisher] of the information's use." The requisite intent is clearly shown not only by the Defendants' deletion/spoliation of the Accurate Southern Arizona Plan, but also the fact that they affirmatively lied under oath when they informed the Court that Defendant Clawson "never actually ended up formulating a plan for Southern Arizona." [Doc. 53, p. 3.] But if that were not enough, Defendants also previously lied in their sworn affidavit which stated that Defendant Clawson had not "identified any Swisher customers that ACS should go after." [Doc. 24-1 at ¶ 17.] In fact, a nonparty witness, Kevin Peterson, has even testified that Defendant Clawson confessed to him that he: (1) took Swisher's customer pricing information on a flash drive, and (2) went to extraordinary lengths to conceal his misconduct. [Doc. 89, ¶ 35 (Plaintiffs' Controverting Statement of Facts in Opposition to Defs' MSJ).] Mr. Peterson testified that Defendant Clawson would go to a "public library" when he wanted to

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

access the Swisher information that he had taken on his flash drive. [Doc. 89, ¶ 37.][3] Thus, it is clear that Defendants deleted the Accurate Southern Arizona Plan in order to deprive Plaintiffs of this evidence and its related metadata.

The prejudice to Plaintiffs from Defendants' ESI related spoliation and misconduct cannot be understated. Metadata associated with ESI such as the Accurate Southern Arizona Plan can show the date that a document was created. **Exhibit 1**, ¶ 15. and, in this case, would have shown that the Accurate Southern Arizona Plan was created prior to Defendant Clawson's departure from Swisher. Although Defendants are sure to claim otherwise, these are the same Defendants who have lied under oath and told the Court that the document in question was "never" formulated. Because Defendants deleted the Accurate Southern Arizona Plan, its metadata is lost forever and cannot be recovered. **Exhibit 1**, ¶ 20. Consequently, because Defendants acted to intentionally deprive Swisher of the Accurate Southern Arizona Plan and its metadata (and lied about the existence of the plan to the Court), default judgment should be entered against the Defendants as provided by Rule 37(e)(2)(C).

If the Court is disinclined to enter default judgment despite Defendants' egregious misconduct, repeated lies, and fraud on the Court, Plaintiffs respectfully requests the Court to sanction the Defendants by granting an adverse inference instruction, striking the Defendants' defenses, and awarding monetary sanctions in the form of all reasonable attorneys' and expert fees which Plaintiffs have incurred in this action.

## III.    CONCLUSION

For the above and forgoing reasons, Swisher respectfully requests this Court to enter default judgment against Defendants as a sanction for their repeated lies, fraud on

---

[3] Prior to the deposition of Kevin Peterson, Defendant Clawson called Peterson and improperly tried to influence his testimony. Defendant Clawson tried to advise Peterson that he had only given him "general pricing" about Swisher customers. Peterson was adamant that Clawson had actually given him "specific" Swisher pricing. [Doc. 89, ¶ 42.]

the Court, deceptive misconduct which has undermined the integrity of the legal proceedings, and their violation of Rule 37(e) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 9th day of March 2017.

FISHER & PHILLIPS LLP


By: s/ Pavneet Singh Uppal
      Pavneet Singh Uppal
      Alanna R. Brook
      3200 N. Central Avenue, Suite 805
      Phoenix, Arizona 85012-2425
      Attorneys for Plaintiffs

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FISHER & PHILLIPS LLP**
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2425
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on the March 9, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

David T. Barton
Katya M. Lancero
BURNSBARTON LLP
45 W. Jefferson, 11th Floor
Phoenix, AZ 85003
Attorneys for Defendants Troy
and Teri Clawson

  s/  Eileen Kane