Pavneet Singh Uppal, SBN 016805
Alanna R. Brook, SBN 028018
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
abrook@fisherphillips.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Swisher Hygiene Franchise Corp.; et al., | No. CV-15-1331-PHX-DJH |
| Plaintiffs, | **PLAINTIFFS' REPLY TO DAVID BARTON, KATYA LANCERO AND BURNSBARTON PLC'S RESPONSE TO PLAINTIFFS' MOTION FOR ADDITIONAL SANCTIONS** |
| v. | |
| Troy Clawson and Teri Clawson, husband and wife; et al., | |
| Defendants. | |

Currently pending before the Court is Plaintiffs' Motion for Additional Sanctions at Doc. 225. The factual and procedural predicate is already part of the record, and Plaintiffs will not waste the Court's time with a lengthy summary. Suffice it to say that on October 15, 2018, following three separate days of evidentiary hearing, the Court issued a written order finding, *inter alia*, that "Plaintiff has presented substantial and compelling evidence that demonstrates serious misconduct by Defendants and ***their counsel***." (Doc. 222, p.24) (emphasis added).

## I. Former Defense Counsel Continue To Cover Up And Deny Accountability For Their Misconduct.

Although former defense counsel denigrate the Court's decision by asserting that it "is inaccurate and contrary to the record," their Response does not contain a single citation to the record in this case. Instead, it relies exclusively on Barton and Lancero's declarations. (Doc. 238). The declarations are replete with statements that Barton and Lancero were not willing to make on the witness stand and attempt to minimize their fraud by claiming that they "consulted with ethics attorneys." (*See id., e.g.,* at p.5:22-25). Tellingly, the ethics counsel who allegedly guided Barton and Lancero were apparently unwilling to provide any declarations of their own.[1] (*See id., e.g.* at p.6:2-5).

The Court has already determined by "clear and convincing evidence that Ms. Lancero and Mr. Barton facilitated and continued to cover up Clawson's fraud and their own irresponsible conduct." (Doc. 222, p.23). This fraud encompassed, but was not limited to, the submission of a false, albeit sworn, statement which represented to the Court that a Southern Arizona Plan ("SAP") had never been "formulat[ed]." (Doc. 53, at p.3). After difficult, time consuming, and expensive electronic discovery revealed the existence of the SAP, attorneys Barton and Lancero continued to insist on the witness stand that the SAP was never "formulated." Even when presented with a physical copy of the SAP, both Barton and Lancero continued to claim under oath that the three page plan containing the identities and pricing for

---

[1] Notably, one of the ethics counsel, Mark Harrison, is a member of Osborn Maledon and was previously identified as counsel for Barton and Lancero. (Doc. 201). What Barton and Lancero claim to have been told by outside ethics counsel is pure hearsay and unreliable. F.R.C.P. 801. Should any of these experts later surface to offer opinions regarding former counsel's conduct, such testimony must be subject to cross examination.

1

over ninety customers was just "words on a page" and "never formulated." (*See* March 2, 2018 Transcript at 35:17–36:23; March 15, 2018 Transcript at 80:02-17; 108:03–109:17; and March 22, 2018 Transcript at 244:24-16, *excerpts attached as* **Exs. A, B, and C** *respectively*).

Now, in response to Plaintiffs' motion for sanctions, former defense counsel belatedly claim that Lancero "testified incorrectly that she knew about the SAP in June 2016 when preparing the response to the first sanctions motion." (Doc. 238, p.5). According to former counsel, "Mr. Barton and Ms. Lancero ***immediately realized*** that Ms. Lancero had misspoken" and "Mr. Barton corrected the record through his own testimony and made clear he was doing so." (*Id.* (emphasis added)). Setting aside that Lancero testified repeatedly that Clawson had told her that the SAP was "words on a page" at some point "***prior to the Southern Arizona Plan being disclosed to us [by Plaintiffs]***" (**Ex. A** at pp.33:01–35:16 (emphasis added); 56:18–57:15), undersigned counsel was unable to locate a single instance in the Court transcript where Barton "made clear" that "Ms. Lancero had misspoken" or that he was "correcting" her testimony. (**Ex. B**., *e.g.*, at pp.91:18-24; 93:16–94:5). Furthermore, to the extent Barton contends that Lancero misremembered the events and "testified incorrectly," he lacks the necessary knowledge and foundation and cannot through his own testimony "correct" Lancero's sworn testimony to the contrary. (**Ex. A** at p.37:05-10 ("…Mr. Barton wasn't there.")). Although she allegedly was ill on the second day of the hearing, Lancero could easily have appeared at the final day of the hearing and testified under oath (subject to cross-examination) that she had been mistaken in her former testimony. She did not do so, and Barton and Lancero's argument regarding so called mistaken testimony is nothing more than a continuation of their efforts to defraud the Court and Plaintiffs.

Rather than accepting responsibility for their misconduct, former defense counsel continue to advance a litany of spurious arguments. Due to the page limitations of this reply, set forth below is a chart contrasting a few of the more egregious arguments raised by former defense counsel in their Response against the relevant portions of the record. Most tellingly, former defense counsel have nothing to say about their central argument that the SAP was "not formulated" because it was "words on a page." Plaintiffs respectfully submit that there is no end to the amount or type of

2

evidence that can be withheld if attorneys are allowed to engage in this type of fraudulent wordsmithing – because literally every document is comprised of "words on a page."

| | Location(s) | Representation | Controverting reference(s) |
|---|---|---|---|
| 1. | Response: pp.5:04-13, 7:12-17<br><br>Barton Dec: ¶¶ 38-39;<br><br>Lancero Dec: ¶ 24. | Former defense counsel was surprised and blindsided to be called at the hearing. | - On February 22, 2018, Plaintiffs' counsel informed former defense counsel in writing that counsel "intend[ed] to call [them] both to testify" at the hearing (email *attached as* **Ex. D**). Former counsel did not seek a protective order.<br>- Former counsel did not advance this claim at the hearing. (*See* **Ex. A** at *e.g.* pp. 5:19–13:03.)<br>- On April 6, 2017, Plaintiffs argued that the attorney-client privilege had been waived and that they should be permitted to depose defense counsel. (Doc. 124.)<br>- On February 16, 2018, Plaintiffs' filed a motion in limine arguing that Defendants should be precluded from arguing that the false statement that Clawson never formulated the SAP was attributable to counsel "unless and until Plaintiffs [we]re permitted to question defense counsel under oath." (Doc. 157.)<br>- Day 1 of the hearing took place on March 2, 2018. The second day was March 15, 2018, and the third March 22, 2018. Any alleged surprise on March 2, 2018 was no longer present at subsequent proceedings. |
| 2. | Response: pp. 7:14-16 | Had former counsel known that they would be called to testify, they would have hired their own counsel. | - *See* references *supra* in row 1.<br>- Even indulging this false claim of surprise at the first day of proceedings, former defense counsel fail to explain why they elected to proceed on days two and three without counsel.<br>- "*[I]mmediately*" after the first day of the hearing, former counsel claim to have consulted with three ethics attorneys. (Response, at p.5:22-25; Barton Dec. at ¶ 42; Lancero Dec. at ¶ 29). |
| 3. | Response: pp.3:20-28; 4:13-23;<br><br>Lancero Dec: ¶¶ 18, 21-26 | Former counsel assert that their use of the word "finished" instead of "formulated" did not refer to what they knew at the time they drafted the response to the first motion for sanctions. | - Ms. Lancero testified that "it was the e-mail that Mr. Clawson sent to Mr. Zall … that prompted our discussion" and Mr. Clawson told her that the SAP was "words on a page" "prior to the Southern Arizona Plan being disclosed [by Plaintiffs' counsel]" (**Ex. A** at pp.33:01–35:16; 56:18–57; **Ex. C** at 263-267). |
| 4. | Response: pp.3:20–4:12;<br><br>Barton Dec.: ¶¶ 29-31 | Former defense counsel had no indication that a SAP existed until January 2017. | - *See* references *supra* in row 3<br>- On April 19, 2016, Clawson met with counsel (including Barton) at Quarles & Brady to discuss his email to Zall regarding the SAP. (Doc. 186, pp.189:08–192:09 (under seal); Barton Dec. ¶16).<br>- On August 31, 2016, former defense counsel proposed having their own expert image and search |

3

|   | | | |
|---|---|---|---|
|   | Lancero Dec.: ¶¶ 17-18 | | Clawson's laptop and limiting the search only to "user-accessible files." (Doc. 142-3, attached as **Ex. E**.)<br>- On September 6, 2016, former counsel represented to Plaintiffs' counsel that "Defendants have searched for ESI responsive to Swisher's discovery requests." (*Id.*)<br>- On December 28, 2017 Plaintiffs' counsel sent an email to former defense counsel advising that the initial review of Clawson's laptop indicated that documents were missing from Clawson's laptop and that he had been actively using Swisher's confidential and/or trade secret information and documents after his resignation from Swisher (*See* email chain *attached as* **Ex. F**). |
| 5. | Barton Dec: ¶ 8<br><br>Lancero Dec: ¶ 7 | "[Clawson] could not afford to hire a forensic expert" | - Former defense counsel fail to explain how Clawson could afford to pay their legal fees but not for an expert to create an image of his computer. Indeed, Cardwell charges only $250.00 per hour for his work. (FORENTECH 00003, *attached as* **Ex. G**).<br>- Former counsel assumed joint representation of the Defendants on or around May 2016 (Doc. 43) and Defendants hired a computer expert prior to providing any equipment to Plaintiffs' expert. (**Ex. E**). |

**II.   Defendants' Fraud And Counsel's Facilitation Thereof Permeated These Proceedings.**

Former defense counsel argue that there is no "causal link" between their facilitation of Defendants' fraud upon the Court and the sanctions sought against them. (Doc. 238, pp.1:13-14; 9:10–10:25). In actuality, Defendants' and their attorneys' "entire course of conduct throughout the lawsuit evidenced bad faith and an attempt to perpetrate a fraud on the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991). Defendants' misconduct so permeated these proceedings that "the but-for standard even permits a trial court to shift all of [Swisher's] fees, from either the start or some midpoint of [the] suit, in one fell swoop." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017).

It cannot be overlooked that Defendants' misconduct started almost from the outset of the litigation and could not have occurred without the facilitation of counsel. Clawson's signed the "perjured Affidavit" on July 31, 2015 (Doc. 21-1), less than two-months after he claims to have created the plans. (Doc. 53). Yet, the perjured affidavit was not "corrected" until April 27, 2016. (Doc. 42). Even then, Defendants, through their counsel, continued to hide the existence of the SAP and refused to produce relevant, responsive, and discoverable information. (*See, e.g.,* Docs. 60, 67, 113, 158). In other words, from the August 4, 2015 filing of the "patently false" sworn statement that Clawson had "not identified any Swisher

4

customers that ACS should go after" onward (Doc. 222, p.6), the expenses incurred in this litigation "would not have been incurred except for the misconduct." *See Goodyear*, 137 S. Ct. at 1188 (entire litigation was "'part of [Defendants'] sordid scheme' to defeat a valid claim" that was facilitated by their counsel) (quoting *Chambers*, 501 U.S. at 51).

Defendants' scheme was only uncovered because of the substantial time, effort, and expense undertaken by Plaintiffs. As the Court notes, "had Plaintiffs not engaged Mr. Cardwell, the Southern Arizona Plan and what was contained therein may never have been discovered." (Doc. 222, p.14). However, had the Defendants and their counsel complied with their discovery obligations to "preserve[] and turn[] over" discoverable evidence as required by Rule 26, it is highly likely that preliminary injunction would have been granted and/or this case would have been positioned for a reasonable settlement without the necessity of three years of protracted litigation. (*See id.* at pp.21-23.) Rather than ensuring their clients' good-faith compliance with the Rules of Civil Procedure, former defense counsel instead "left [Mr. Clawson] to his own determination of how [the] imaging of his computer should take place, what he should do with it." [**Ex. C.** at 266-267.]

Nevertheless, Plaintiffs are not seeking all their fees in this matter, but only those fees incurred after the Defendants' August 4, 2015 filing of their answers and objection to the application for preliminary injunction, and then at a reduced amount. All fees and costs associated with the initial investigation into the potential claims, as well as the drafting and filing of the complaint have been omitted. Plaintiffs respectfully submit that had Defendants faced a plaintiff who was unable or unwilling to expend the significant resources necessary to uncover the fraud, the egregious misconduct of Defendants and their former counsel would not have been proven and their fraudulent scheme would have succeeded. *See Goodyear Tire,* 137 S. Ct. at 1189 (award of all attorneys' fees appropriate when misconduct "so permeate[s] the suit as to make that misconduct a but-for cause of every subsequent legal expense").

RESPECTFULLY SUBMITTED this 28th day of November 2018.

          FISHER & PHILLIPS LLP

          By: s/ Alanna R. Brook
            Pavneet Singh Uppal
            Alanna R. Brook
            3200 N. Central Avenue, Suite 805
            Phoenix, Arizona 85012-2407
            Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

William G. Klain
George H. King
David C. Turnbull
LANG & KLAIN, P.C.
8767 E. Via de Commercio, Suite 102
Scottsdale, AZ 85258
Attorneys for Defendants Clawson

Andrew Abraham
Ralph D. Harris
BURCH & CRACCHIOLO, P.A.
702 E. Osborn Road, Suite 200
Phoenix, AZ 85014
Attorneys for Accurate Chemical Acquisition, Inc.

Geoffrey M.T. Sturr
Jeffrey Molinar
OSBORN MALEDON, P.A.
2929 North Central Avenue
21st Floor
Phoenix, Arizona 85012
Attorneys for David Barton, Katya Lancero and BurnsBarton LLP

 s/ Michelle C. Colwell

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 805
Phoenix, Arizona 85012-2407
(602) 281-3400